**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

ARMON J. WILLIAMS,  )
                    )
      Petitioner,  )
                    )
vs.                 )   Case No. 11-CV-652-GKF-TLW
                    )
MIKE MULLIN, Warden, )
                    )
      Respondent.  )

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 12). Petitioner did not file a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred.

*BACKGROUND*

The record reflects that at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2008-129, Petitioner Armon J. Williams was convicted of Attempted Robbery, After Former Conviction of Two or More Felonies. On October 27, 2008, he was sentenced to twenty (20) years imprisonment in accordance with the jury's recommendation. See Dkt. # 13, Ex. 2.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed February 8, 2010, in Case No. F-2008-1042, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 13, Ex. 1. Nothing in the record suggests that Petitioner sought *certiorari* review in the United States Supreme Court.

On May 17, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 13, Ex. 2. By order filed June 21, 2010, the state district court denied post-conviction relief. Id. Petitioner did not file a post-conviction appeal at the OCCA. Id.

The record also reflects that on April 20, 2011, Petitioner filed an application for hearing on modification of sentence. Id. By Order filed May 23, 2011, the trial judge denied the motion for sentence modification. Id.

On September 29, 2011, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Petitioner states, under penalty of perjury, that he placed the petition in the prison mailing system on September 28, 2011. See Dkt. # 1.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on May 10, 2010,[1] after the OCCA concluded direct review on February 8, 2010, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on May 11, 2010, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 11, 2011, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The record reflects that on May 17, 2010, or prior to expiration of the one-year period, Petitioner filed his application for post-conviction relief. Therefore, the limitations period was tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state district court from May 17, 2010, to June 21, 2010, or for 35 days. He did not file a post-conviction appeal. Nonetheless, he is entitled to an additional 30 days of tolling, the time period allowed under state law for perfection of a post-conviction appeal. Gibson

---

[1] Ninety days after February 8, 2010, fell on May 9, 2010, a Sunday. Thus, Petitioner's conviction became final on Monday, May 10, 2010. See Fed. R. Civ. P. 6(a).

3

v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, the limitations deadline in this case was extended a total of 65 days beyond May 11, 2011, or until July 15, 2011. At the earliest, Petitioner filed his habeas corpus petition on September 28, 2011, or more than two (2) months beyond the deadline. See Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (applying prisoner "mailbox rule" to filing of habeas petition).

The Court recognizes that on April 20, 2011, or prior to expiration of the limitations period, Petitioner filed an application for hearing on modification of sentence. See Dkt. # 2. That motion was denied by Order filed thirty-three (33) days later, on May 23, 2011. However, even if Petitioner were entitled to tolling under 28 U.S.C. § 2244(d)(2) during the pendency of the motion for sentence modification, see Wall v. Kholi, 131 S. Ct. 1278 (2011), his petition for writ of habeas corpus remains untimely.[2]

Therefore, unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period, his petition filed September 28, 2011, is untimely.

Petitioner failed to file a response to the motion to dismiss and has not demonstrated entitlement to equitable tolling. Significantly, equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.

---

[2]The Court notes that under Okla. Stat. tit. 22, § 982a, a motion for judicial review seeking sentence modification must be filed "within twelve (12) months after a sentence is imposed." Okla. Stat. tit. 22, § 982a(A). In this case, Petitioner's motion was filed more than two (2) years after he was sentenced. As a result, the motion was not "properly filed," see Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000), and would not serve to toll the federal limitations period. See 28 U.S.C. § 2244(d)(2) (providing that only a "properly filed" application for State post-conviction or other collateral review serves to toll the limitations period).

1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record suggests that Petitioner is entitled to equitable tolling of the limitations period. He has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. His petition for writ of habeas corpus is time barred.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 12) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

DATED THIS 27th day of April, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT